## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## KEY WEST DIVISION

### CASE NO.:

**EDGAR ROMERO GONZALEZ**,

    Plaintiff,

v.

**LUIHN FOUR, INC.,**
a Foreign Corporation.,

    Defendant.

_____/

### COMPLAINT

Plaintiff, Edgar Romero Gonzalez ("Romero"), sues Defendant, Luihn Four, Inc, ("Luihn") and alleges, as follows:

### Parties, Jurisdiction and Venue

1. Luihn is a Foreign Corporation, authorized to conduct and conducting business in Monroe County, Florida.

2. Romero is *sui juris*, a resident of Monroe County, Florida, and is otherwise subject to the jurisdiction of this Court.

3. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), as Plaintiff's claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

4. This Court has subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367, as Plaintiff's state law claims arise from the same set of operative facts as its federal claims.

5. This Court has personal jurisdiction over Defendant as Luihn as this Foreign Corporation systematically does business in Monroe County, Florida, and all of the claims asserted herein arise out of conduct that occurred in Monroe County, Florida

6. As set forth below Plaintiff has exhausted all administrative remedies with respect to his claims under the Family and Medical Leave Act ("FMLA").

7. Venue is proper in this Court as the cause of action accrued in and the parties are located within this judicial district.

## GENERAL ALLEGATIONS

8. At all material times, Defendant, was Plaintiff's employer as defined by the FMLA.

9. On or about June 2016, Plaintiff began his employment at Taco Bell as a cashier and occasional food-line worker.

10. In December 2017, Plaintiff was promoted to General Manager, and on or about December 2017, Plaintiff requested medical leave for surgery to his lumbar spine, which was scheduled for January 2018.

11. His supervisor approved his leave and requested that he fill out FMLA paperwork. Plaintiff's FMLA was approved through September 2018.

12. On the week of Plaintiff's scheduled return, he received a message via WhatsApp from a manager named Christian terminating him and stating that the basis for his termination was his disability.

13. As a result, Romero's termination constitutes unlawful discrimination and retaliation under the Americans with Disabilities Act ("ADA") and FMLA.

14. To date, Defendant has failed to pay wages due to Plaintiff.

15. All conditions precedent to the filing of this action have occurred, been waived, or otherwise been satisfied.

## COUNT I – DISCRIMINATION/RETALIATION
## IN VIOLATION OF THE FMLA AGAINST
## LUIHN

16. Plaintiff re-alleges paragraphs one (1) through (12) above.

17. This is an action against Defendant, Luihn for discrimination/retaliation in violation of the Family and Medical Leave Act ("FMLA").

18. Defendant, Luihn, is "employer" as defined in the FMLA, 29 U.S.C. § 2611(4).

19. Plaintiff is an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2).

20. Plaintiff invoked his right to FMLA benefits.

21. As a result of his lawful request for FMLA benefits, Plaintiff was unlawfully terminated by Defendant.

22. As a result of Defendant's unlawful discrimination/retaliation, Plaintiff has incurred, and is now incurring, a loss of wages within the meaning of the FMLA, 29 U.S.C. § 2617(a) for which he is entitled to be compensated.

## DEMAND FOR JURY TRIAL

23. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Edgard Romero Gonzalez, respectfully requests that judgment be entered in his favor against Defendant, Luihn Four, Inc., awarding to Plaintiff legal and equitable relief including, but not limited to, reinstatement, enjoining Defendant from further retaliation, payment of lost and withheld compensation, back-pay, front pay, compensatory and punitive damages, and additional amounts such as liquidated damages, interest, and reasonable attorneys' fees, and granting such other and further relief as the Court deems just and proper.

Dated this 10 day of June 2019.

        By: /s/ Henry Hernandez
        Florida Bar No. 542601
        Law Office of Henry Hernandez, P.A.
        Attorney for Plaintiff
        2655 S Le Jeune Road, Suite 802
        Coral Gables, Florida 33134
        Telephone: (305) 771-3374
        E-mail: henry@hhlawflorida.com
        Secondary: legal@hhlawflorida.com

        By: /s/ Monica Espino
        Florida Bar No. 834491
        ESPINO LAW
        Co-counsel for Plaintiff
        2655 S Le Jeune Road, Suite 802
        Miami, Florida 33134
        Telephone: (305) 704-3172
        Facsimile: (305) 722-7378
        E-mail: me@espino-law.com
        Secondary: legal@espino-law.com